IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 14-mj-01106-KMT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DELORIS LOZUAWAY,

        Defendant.

_____

**Unopposed Motion Pursuant to 18 U.S.C. § 4241**
**to Determine Mental Competency of Defendant**
_____

Deloris Lozuaway, by and through counsel, David E. Johnson, moves this Court to order a competency evaluation be performed on Ms. Lozuaway under 18 U.S.C. § 4241(a) and in anticipation of a hearing to determine competency under § 4241(c).

**I.     Motion for Determination of Mental Competency**

As this Court is aware, there is reasonable cause to believe Ms. Lozuaway is suffering from a mental disease or defect rendering her mentally incompetent: incompetent to the extent she is unable to understand the nature and consequences of the proceedings, or to properly assist counsel in her defense. The relevant statutory provision, 18 U.S.C. § 4241 (a) "Motion to determine competency of defendant", provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Here, there is reasonable cause to believe Ms. Lozuaway is suffering from the type of mental disease or defect anticipated in § 4241(a). Undersigned counsel therefore asks this Court to order a psychiatric or psychological examination of the defendant, and that a report be filed with the Court in anticipation of a hearing. *United States v. Arenburg,* 605 F.3d 164, 168 (2d Cir. 2010).

**II.     Authority to Grant Motion to Determine Mental Competency**

Rule 57.1 of Criminal Rules for the District of Colorado dictates "General Authority and Duties of a Magistrate Judge." Local Rule 57.1(b)(24) authorizes a Magistrate Judge to "order psychiatric or psychological examinations and reports under 18 U.S.C. §§ 3552(c), 4241(b), 4244(b), 4245(b) and/or 4246(b)." As such, this Court has the authority to grant this Motion.

**III.    18 U.S.C. § 4241 Applies to Rule 5 and 5.1 Proceedings**

Ms. Lozuaway is charged by indictment from the District of New Mexico with two counts under 18 U.S.C. § § 922(g)(1) and 924(a)(2). Ms. Lozuaway is before this Court for, *inter alia*, an "Identity Hearing" pursuant to Rule 5(c)(3) and a detention hearing pursuant to 18 U.S.C. § 3142(f). For the forgoing reasons a determination of mental competency under 18

U.S.C. § 4241 extends to these proceedings.

      A.      **Plain Language of 18 U.S.C. § 4241**

In determining how to apply and interpret statutes, the analysis begins with the plain language. *United States v. Ortiz*, 427 F.3d 1278, 1282 (10th Cir. 2005). Courts enforce and honor statutory language as-written by the legislature. *Id*. When the language of a statute is clear and unambiguous, as above, it is unnecessary to look to legislative history. *Id.* Courts should interpret the language according to its terms, "at least where the disposition required by the text is not absurd." *In re Woods*, 743 F.3d 689, 694 (10th Cir. 2014).

Section 4241 of Title 18 is unambiguous: the defendant may file a motion for a hearing to determine mental competency "*[a]t any time after the commencement of a prosecution for an offense* and prior to the sentencing of the defendant..." 18 U.S.C. § 4242(a) (emphasis added). Section 4241 later references the necessity of competency for "*proceedings* against [her, the Defendant]," without limiting the type of proceeding to which competency is necessary. Further, the legislative history of this provision supports this interpretation:

> Section 4241(a) permits a motion to determine the mental competency of the defendant to stand trial to be filed by the government or by the defendant *after the defendant has been arrested or charged* and before the imposition of sentence on the defendant.

*See* S.Rep. No. 225, 98th Cong., 2d Sess. 233. (emphasis added).

Rule 5 governs Ms. Lozuaway's appearance and specifically contemplates an appearance before a magistrate judge prior to transferring a defendant to the district where the offense occurred. Fed. R.Crim. P. 5(c)(3). The Advisory Committees Notes following the 1944 adoption of Fed. R. Crim. P. 40 make clear that this "preliminary hearing" is considered a

"proceeding" and elucidate the purpose of Rule 5 and 5.1[1]: "The purpose of removal proceedings is to accord safeguards to the defendant." The rule is designed to protect the accused, not deny him his rights. *See United States v. Schwartz*, 372 F.2d 678, 681 (4th Cir.1967). In turn, the Defendant must be competent for such proceedings.

Ms. Lozuaway was arrested on August 11, 2014 on an indictment filed in the District Court of New Mexico. It is clear that the prosecution for Ms. Lozuaway has commenced and that a 18 U.S.C. § 4241 motion can be made prior to any further proceedings, including an "identity hearing" and detention hearing. Under the plain language of the statute, Section 4241(a) applies to the proceedings that are currently before this Court.

**B.    Case Law**

The Tenth Circuit has not explicitly ruled that 18 U.S.C. § 4241 applies to Rule 5(c)(3)(C) proceedings, but has upheld *sua sponte* § 4241 determinations during an initial appearance: "When Archuleta made his initial appearance on the new firearms charge, the court ordered him to undergo psychiatric evaluation to determine his competency to stand trial..."[2] *United States v. Archuleta,* 218 F.App'x 754, 755 (10th Cir. 2007); *see also United States v. Arenburg,* 605 F.3d 164, 168 (2d Cir. 2010) (finding that mental competence is a right that "spans the duration of the criminal proceeding."). Additionally, other courts that have reviewed similar issues support the conclusion that this Court has the authority to grant a 18 U.S.C. § 4241 motion.

---

[1] Effective December 1, 2002, the substance of former Rule 40(a) was moved to Rules 5 and 5.1.

[2] A district court reviewed whether Archuleta should be involuntarily medicated during the court-ordered competency restoration commitment.

In addressing the power of a Magistrate Judge to rule on a motion to determine mental competency, *United States v. Hemmings,* 91-313M DAR, 1991 WL 79586 (D. D.C. May 2, 1991), the District of Columbia District Court reasoned:

> [T]he statute itself provides that a motion to determine the mental competency of the defendant is to be ruled on *at any time following the defendant's arrest.* Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of the statute.

*Id.* at *3 (emphasis added). The District Court for the Western District of Oklahoma similarly interpreted § 4241 in relation to pretrial proceedings:

> [I]t is clear from the language of Section 4241 in its entirety that if it is determined that there is reasonable cause to believe the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, **all proceedings** against such defendant are stayed or suspended until such time that it is determined that the Defendant is mentally competent with the requisite ability to understand and assist in proceedings against him . . . Because the statute provides that a motion to determine competency may be made at any time and for consequential interruption and/or suspension of proceedings at such juncture, the statute necessarily modifies the time limits imposed by Rule 5.1(c), F.R.Cr.P. Moreover, **if there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent** to the extent that he is able to understand the nature and consequences of those proceedings against him and to assist in his defense.

*United States v. Moser,* No. CR-08-44-R, 541 F.Supp.2d (W.D. Okla. 2008) (emphasis added); *See also United States v. Hancock,* No. 96-01304 ACK, 962 F.Supp. 1291, 1292 (D. Haw. 1997) ("Prior to detention hearing, defense counsel moved for a competency examination . . .

5

The Magistrate granted Defendant's request and issued a written order committing the Defendant to the custody of the Attorney General for purposes of a competency examination and evaluation."); *United States v. Evans*, 690 F.3d 940, 942 (8th Cir. 2012) (at detention hearing, defense counsel made an oral motion for a competency examination as allowed by § 4241(a)); *United States v. Armstrong,* 2014 WL 1257020, at *1 (W.D. Ky. March 26, 2014) (at detention hearing, magistrate judge, on his own motion, found reasonable cause to believe mental comp exam warranted).

The Sixth Circuit has held that "representations by counsel" are sufficient to order a § 4241 evaluation. *United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006). Here, there is even more than that, as detailed by the facts contained in the pre-trial services bail report. The Sixth Circuit further commented in that case:

> [the defendant's attorney] was discharging his "professional duty" as an officer of the court to raise the issue if counsel has a good faith doubt as to the defendant's competence. *See United States v. Boigegrain*, 155 F.3d 1181, 1187 (10th Cir.1998) . . . Indeed, this Court has stated that "[d]ecisions construing [§ 4241] hold that once a motion is made pursuant to it, unless the motion is frivolous or is not made in good faith, **the District Judge must appoint a psychiatrist to examine the accused**."

*Id*. (emphasis added), citing *United States v. Welker*, 301 F.2d 211, 214 (6th Cir. 1962).

### IV.     Ms. Lozuaway can be detained during the process of examination

Because counsel has reasonable belief Ms. Lozuaway is suffering from a mental health disease or defect rendering her incompetent, he requests a continuation of the proceedings before this Court in order to address such issues pursuant to Section 4241 and its related provisions.   During this continuance and pending the outcome of the examination, the

statute authorizes Ms. Lozuaway to be detained. See 18 U.S.C. § 3142(f). For the purposes of psychiatric or psychological examination ordered pursuant to 18 U.S.C. § 4241, "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days." 18 U.S.C. § 4247(b).

**V.     Conclusion**

For the forgoing reasons, the defendant request this Court order a competency evaluation be performed of Ms. Lozuaway under 18 U.S.C. § 4241(a) and in anticipation of a hearing to determine competency under § 4241(c).

**VI.    Duty to Confer**

Undersigned counsel has conferred and spoken with counsel for the government, Martha Paluch, Assistant United States Attorney. Ms. Paluch represents that, having researched and considered the issue, she agrees the motion should be granted and, therefore, counsel can state that the motion is unopposed.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ David E. Johnson
David E. Johnson
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
David.Johnson@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 18, 2014, I electronically filed the foregoing **Unopposed Motion Pursuant to 18 U.S.C. § 4241 to Determine Mental Competency of Defendant** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Martha Paluch, Assistant U.S. Attorney
  Email: **Martha.paluch@usdoj.gov**

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Deloris Lozuaway  (via Mail)
  Reg. No. 40586-013
  c/o Jefferson County Jail

              s/ David E. Johnson
              DAVID E. JOHNSON
              Assistant Federal Public Defender
              633 17th Street, Suite 1000
              Denver, CO  80202
              Telephone:  (303) 294-7002
              FAX:  (303) 294-1192
              David_Johnson@fd.org
              Attorney for Defendant