IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 14-mj-01106-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DELORIS LOZUAWAY,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Unopposed Motion Pursuant to 18 U.S.C. § 4241 to Determine Mental Competency of Defendant" [Doc. No. 11] ("Mot.").

Title 18 USC § 4241(a) provides that "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The defendant filed such an oral motion on August 15, 2014. [Doc. No. 10.] The Government objected to conducting a mental health evaluation and hearing in this District and the court ordered simultaneous briefing. Now the parties agree that if a competency hearing is warranted in this case, it should be held in the District of Colorado, the arresting District, before an identity hearing and a bond hearing proceed. The court concurs.

Rule 57.1(b)(24) of the Local Rules for the District of Colorado (Criminal) authorizes a Magistrate Judge to "order psychiatric or psychological examinations and reports under 18 U.S.C. §§ 3552(c), 4241(b), 4244(b), 4245(b) and/or 4246(b)." The Motion herein seeks relief pursuant to 18 U.S.C. § 4241(b). As such, this Court has the authority to consider the Defendant's Motion for a psychiatric evaluation and a hearing.

Title 18 U.S.C. § 4241(a) further provides that if the Defendant files a motion for a competency hearing the court **shall** grant the motion if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Counsel for Ms. Lozuaway has represented to the court that his client appears unable to understand the nature of the hearings she is entitled to receive in this District upon her arrest on the New Mexico warrant and the consequences of those proceedings against her. Further, defense counsel represents that he finds Ms. Lozuaway unable to assist him in properly representing her during those hearings.

The court has reviewed the Pretrial Services Report and it lends further support to defense counsel's representations. The report discusses issues of chemical dependency on controlled substances, that the 60 year old defendant is homeless and that her own children cannot look after her. The defendant's daughter- in- law spoke with Pretrial Services and opined that the defendant "needs intense mental health treatment and rehabilitation." (Pretrial Services Report at 3.) The defendant has a history of mental health problems and treatment in New Mexico as well as

hospitalizations in other states. Defendant herself advised the Pretrial Services Officer that she suffers from bipolar disorder, schizophrenia, anxiety and post-traumatic stress disorder and that she has received medication for these conditions. She is currently receiving SSDI (disability income) based on her mental condition.

Under these circumstances, including the court's direct observation of the defendant in court, the court finds there is reasonable cause to believe that Deloris Lozuaway may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her and to assist properly in her defense. Therefore, the Defendant's motion for a competency hearing [Doc. No. 11] shall be granted and a competency hearing pursuant to 18 U.S.C. 4247(d) will be conducted before the court will proceed with any identity or bond hearings in this matter arising out of the New Mexico warrant for the defendant's arrest.

In order to be properly advised, pursuant to Title 18 U.S.C. § 4247(b), the court requires that Defendant Lozuaway undergo a psychiatric or psychological examination conducted by a licensed or certified psychiatrist or psychologist and that the person conducting the examination file a report compliant with the requirements of Title 18 USC Section 4247(c) prior to the hearing. A defendant may be committed to the custody of the Attorney General of the United States for a reasonable period not to exceed thirty days in a suitable facility nearest to the court in order that the examination be undertaken. By statute, the director of the facility may apply for a reasonable

extension, but not to exceed fifteen days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.   Title 18 U.S.C. § 4247(b).

IT IS THEREFORE **ORDERED**

1. Defendant's "Unopposed Motion Pursuant to 18 U.S.C. § 4241to Determine Mental Competency of Defendant" [Doc. No. 11] is **GRANTED**.   A competency hearing shall be conducted before this court on **September 18, 2014 at 1:30 p.m**.

2. Prior to the competency hearing, Defendant Lozuaway shall undergo a psychiatric or psychological examination conducted by Dr. Susan Bograd, if she is available, or another comparable licensed or certified psychiatrist or psychologist available in the Denver, Colorado metropolitan area at the selection of the U.S. Marshals Service acting for the Attorney General. Dr. Bograd or other psychiatrist or psychologist conducting the examination, shall file a report compliant with Title 18 U.S.C. § 4247(c) with the court and will also provide copies to counsel for Ms. Lozuaway and to the attorney for the Government on or before 5 days prior to the competency hearing.

3. Defendant Deloris Lozuaway shall be committed to the custody of the Attorney General of the United States for a reasonable period not to exceed thirty days in a suitable facility in the Denver, Colorado metropolitan area where the examination to determine mental competency shall be conducted.   This period may be extended for a maximum of fifteen (15) days upon written request of Dr. Bograd or other psychiatrist or psychologist conducting the examination upon a showing of good cause that additional time is needed for observation and evaluation of the defendant.

4.	The Pretrial Services Report shall be provided to the psychiatrist or psychologist conducting the examination to assist in the evaluation of the defendant.   At the time the Section 4247(c) report is filed by the examining psychiatrist or psychologist, all copies of the Pretrial Services Report shall be returned to the Probation Department.

DATED this 19th day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge