**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   14-mj-01106-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELORIS LOZUAWAY,

    Defendant.

---

**PARTIES' JOINT MOTION TO CONTINUE MENTAL COMPETENCY HEARING
AND REQUEST FOR EXPEDITED RULING**

---

    The United States of America (the government), through Assistant U.S. Attorney Martha A. Paluch, and the defendant Deloris Lozuaway, through counsel Assistant Federal Public Defender David E. Johnson, move this Court for an Order continuing the mental competency hearing currently scheduled for Tuesday, September 30, 2014, at 10:30, to October 29, 2014.   As grounds for this motion, the parties state as follows:

1. On August 19, 2014, the Court granted defendant's motion to determine competency, and scheduled a mental competency hearing which after granting a 15-day extension and rescheduling, is currently set to occur on September 30, 2014.

2. At the August 19, 2014 hearing, the United States' Marshal's Service represented that their agency would arrange funding for the examination.

3. The Marshal's Service informed defense counsel on August 29, 2014, that

they could not comply with this order.   Government counsel was later informed this was due to the fact the defendant was not committed to the custody of the Bureau of Prisons, but rather, to the Attorney General, given that no detention hearing has taken place in light of concerns over the defendant's mental competency.

4. It was determined that the United States Attorney's Office would fund the examination.   Defense counsel conferred with two doctors, Dr. Susan Bograd and Dr. Chuck Denison, both of whom indicated they could not complete the mental competency examination within the required time frame.

5. The U.S. Marshal's Service conferred with the Bureau of Prisons (BOP) regarding conducting the examination of the defendant within the required time frame, and was assured that the examination could take place in time.

6. On September 8, 2014, the Court granted the defendant's Unopposed Motion to Reset Competency Hearing and to Appoint Psychiatrist or Psychologist Employed by the Bureau of Prisons.   Doc. 16.

7. Defendant was then transported by BOP to the Federal Medical Center (FMC), Carswell, in Fort Worth, Texas, for examination.

8. Defendant arrived at FMC Carswell on September 15, 2014.

9. On September 16, 2014, the defendant slipped on water in her cell and was transported to a hospital in Fort Worth, where she received treatment for an injury to her foot.   She returned to FMC Carswell around midnight on September 16, 2014.

10. The defendant returned to the hospital on September 22, 2014, for further treatment of her foot injury.

11. Government counsel has been in contact with the U.S. Marshal's Service since the Court's September 8, 2014 order was signed attempting to assure that the mental competency examination was on track for completion within the required time frame.

12. After leaving repeated messages at the facility, undersigned counsel spoke with Dr. Christine Anthony at FMC Carswell facility today.  Dr. Anthony explained that the doctor assigned to examine the defendant, Dr. Ashley Noble, has been out of the office on training since September 15, 2014, and returned to the facility today.

13. Dr. Anthony explained that the Warden of FMC Carswell signed a letter requesting until October 15, 2014, to complete the examination of the defendant.  A copy of that letter was emailed to the Court's chambers and is attached here.

14. In its September 3, 2014 Order originally appointing Dr. Bograd to complete the examination, the Court noted, "The statute does not address specifically whether a second extension of commitment of fifteen days could be requested upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.  The need for additional time is especially concerning here where the Defendant shows marked signs of mental illness and is currently homeless.  Therefore, the Court will entertain

a second extension request upon showing first, that Dr. Bograd indeed does need the additional time to fully evaluate and report on the competency of the Defendant as the parties now believe she will and second, upon a showing that this court has authority to allow a second fifteen day extension of commitment of the Defendant under Section 4247 or any other statute." Doc. 15.

15. As to the first requirement, the parties believe the letter from the Warden of FMC Carswell, in addition to the information contained in this pleading regarding the defendant's arrival date at FMC Carswell and hospitalization and treatment for an injury sustained while at FMC Carswell, provides sufficient showing that good cause exists to grant an additional extension for completion of the mental competency examination.

16. Second, as to the authority of the Court to grant this request, government counsel has been unable to find any case law authorizing additional fifteen-day extensions pursuant to 18 U.S.C. § 4247.   Instead, the government provides the following case law to the Court for its consideration:

17. In *United States v. Gould*, No. 6:13-cr-175-Orl-31GJK, 2013 WL 5178788 (M.D. Fla. Sept. 13, 2013), the defendant's competency hearing was not held until eighty-six days after the 45-day period allowed by 18 U.S.C. § 4241. The defendant moved to dismiss the indictment based on the government's violation of § 4247(b).   The court denied his motion, finding that "no circuit court has held that dismissal is the remedy to a violation of § 4247(b)

timeliness." *Id.* at *2. The court noted that dismissal would be proper on due process grounds if the "delay caused [defendant] actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *Id. See id., citing Ford. v. Wainwright,* 549 F.2d 981, 982 (5th Cir. 1977) (holding appropriate remedy for prisoner's procedural due process violation was new hearing rather than release); *United States v. Hancock,* 962 F.Supp. 1291, 1294 (D. Hawaii 1997) ("18 U.S.C. § 4247(b) by itself does not contain a remedy"); *United States v. Taylor,* 353 F.3d 868, 869 (10th Cir. 2003) (the Speedy Trial Act "does not provide a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination").

18. Here, a delay of twenty-six days [from October 3, when the forty-five day time period expires, to October 29] will not be the "product of a deliberate act by the government designed to gain a tactical advantage," nor would it cause the defendant "actual substantial prejudice." *Id.* Instead, actual substantial prejudice *will* occur if the defendant is brought back to Colorado prior to the mental competency examination being completed, and is then released in Colorado, or is released directly from the facility in Texas, given that the defendant is homeless. At that point, defendant would be rearrested on the charges out of New Mexico and the whole process would start again.

19. Continuing the hearing until October 29, 2014, would allow FMC Carswell to complete its examination by October 15, 2014, as requested, and two weeks

to submit its report to the Court, as requested. It would then allow the U.S. Marshal's Service two weeks to return the defendant to this district for the mental competency hearing. The U.S. Marshal's Service has confirmed that they can return the defendant to this district within this time frame.

20. Should the Court disagree with this proposed course of action, then the parties request an immediate order directing the return of the defendant to this district so that the U.S. Marshal's Service can accommodate her return by October 3, 2014.

21. To that end, the parties understand that the mental competency hearing is currently scheduled to occur on September 30, 2014, due in part to Mr. Johnson's unavailability on October 3, 2014. Mr. Johnson has indicated that another Assistant Federal Public Defender will be available to cover any hearing scheduled for October 3, 2014, should the Court order the defendant's return by that day.

For these reasons, the parties respectfully request that the Court reschedule the mental competency examination currently scheduled in this case for September 30, 2014, at 10:30 a.m., to October 29, 2014, at a time convenient to the Court.

Respectfully submitted this 23rd day of September, 2014.

          JOHN F. WALSH
          United States Attorney


          s/ Martha A. Paluch
          MARTHA A. PALUCH
          Assistant U.S. Attorney
          1225 17th Street, Suite 700
          Denver, CO 80202
          Telephone 303-454-0100
          Facsimile 303-454-0402
          Email: martha.paluch@usdoj.gov

          s/David E. Johnson
          Mr. David E. Johnson
          Assistant Federal Public Defender
          633 Seventeenth Street, Suite 1000
          Denver, CO   80202
          Telephone 303-294-7002
          David.Johnson@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on September 23, 2014, I electronically filed the foregoing **Parties' Joint Motion to Continue Mental Competency Hearing and Request for Expedited Ruling** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    David E. Johnson, Assistant Federal Public Defender
    David_Johnson@fd.org


                        *s/ Dee Boucher*
                        United States Attorney's Office

8