IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 14-mj-01106-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DELORIS LOZUAWAY,

    Defendant.

---

## **ORDER**

---

    This matter is before the court on the "Parties' Joint Motion to Continue Mental Competency Hearing and Request for Expedited Ruling" [Doc. No. 18]. The parties request that additional time be allowed for a competency evaluation to be completed and a report issued, and that the hearing be rescheduled to October 29, 2014.

    Title 18 U.S.C. § 4241(a) provides that "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The defendant filed such an oral motion on August 15, 2014 [Doc. No. 10] and followed it with a written motion on August 18, 2014 [Doc. No. 11]. The Defendant's Motion was granted after a hearing on August 19, 2014. [Doc. No. 13]. Thereafter, there was a delay

occasioned by the parties' request that the defendant be examined at a local facility. Further complicating matters, the originally requested examiner became unavailable to complete a mental health evaluation of the defendant within the allotted time period. As a result, the defendant was transferred to a Bureau of Prisons facility for examination.

The defendant was transported by the U.S. Marshals Service, arriving at FMC Carswell on September 15, 2014 for her evaluation. Ms. Lozuaway will be evaluated by Dr. Ashley Noble, who was out of the facility until September 23, 2014. The Warden of FMC Carswell has requested until October 15, 2014, for Dr. Noble to complete the examination of the defendant. Upon completion of the evaluation, the defendant must be transported back to Colorado for her competency hearing.

This court has reviewed the joint motion of the parties concerning the ability of the court to extend the defendant's incarceration for an additional period to enable Dr. Noble to examine and report on the defendant's mental capacity. The case law recognizes that on occasion, strict compliance with the time constraint of Section 4247 is impossible. Courts considering instances where a defendant is held in custody longer than the 45 day maximum built into the statute have uniformly held that noncompliance with Section 4247 is not grounds for dismissal of an otherwise valid indictment. *United States v. Gould*, No. 6:13-cr-175-Orl-31GJK, 2013 WL 5178788 (M.D. Fla. Sept. 13, 2013) (defendant's competency hearing not held until eighty-six days after the 45-day period allowed by 18 U.S.C. § 4247.); *United States v. Hancock,* 962 F. Supp. 1291, 1294 (D. Hawaii 1997)("18 U.S.C. § 4247(b) by itself does not contain a remedy"); *United States v.*

*Taylor,* 353 F.3d 868, 869 (10th Cir. 2003) (the Speedy Trial Act "does not provide a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination").  *See also Ford.v. Wainwright,* 549 F.2d 981, 982 (5th Cir. 1977) (holding appropriate remedy for prisoner's procedural due process violation was new hearing rather than release).

The court agrees with the parties that the only way to strictly comply with the time limitations under Section 4247 in this case would be to drag Ms. Lozuaway, in custody, back to Colorado before October 3, 2014, release her to the streets (since her family appears to have long given up on her and she is homeless) and then immediately arrange for her to be re-arrested on the New Mexico warrant and start the process again.   This would not only actually result in more days in detention by virtue of the travel time to bring her back to Colorado, only to simply return her again to Carswell, it is also inhumane and likely harmful to the defendant who clearly needs access to mental health assessment at the earliest possible time.   Justice is not served by this approach.

This court finds that a delay of twenty-six days from the original forty-five day time period is not the product of a deliberate act by the government designed to gain a tactical advantage, nor will it cause the defendant actual substantial prejudice.   In fact, prejudice would result to the defendant if the court did not grant the extension.

IT IS **ORDERED**

1.      The "Parties' Joint Motion to Continue Mental Competency Hearing and Request for Expedited Ruling" [Doc. No. 18] is **GRANTED**.   The competency hearing scheduled for October 3, 2014 is **VACATED** and re-scheduled for **October 29, 2014 at 1:30 p.m.**

3

2.      Dr. Noble shall file a report compliant with Title 18 U.S.C. § 4247(c) with the court and will also provide copies to counsel for Ms. Lozuaway and to the attorney for the Government on or before 7 days prior to the competency hearing.

DATED this 25th day of September, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge