IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 14-mj-01106-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     DELORIS LOZUAWAY,

      Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on October 29, 2014.

The government is requesting detention in this case. The defendant did not contest detention and neither side offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court's docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and

1

convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person including–

(A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The Defendant was suffering a degree of mental impairment at the time she provided information to the Pretrial Services Officer sufficient for the court to order that she be evaluated for competency.   She now

asserts that certain portions of the information she provided to the Pretrial Services Officer was and is incorrect.   Therefore, the court only considers that information which is outside of what was voluntarily provided by the Defendant.

The defendant has four misdemeanor convictions and three felony convictions.     She committed a number of misdemeanor offenses while on probation in 4th Circuit Court, Case Number 92-063207-FH.   The alleged instant offense occurred while the defendant was on parole. A parole violation warrant was issued on July 15, 2014, in 4th Circuit Court, Case Number 0905924FY, and the defendant is currently on parole absconder status.   The defendant has one additional instance of failure to appear resulting in the issuance of a warrant.   Further, the defendant is currently homeless and has no means to transport herself to the charging District. Her history makes it imperative that she continue with a medication regime established for her while she is en route from Colorado to New Mexico.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 29th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4